UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETER J. PINEDO,<br><br>　　　　　　Plaintiff,<br>　v.<br>JO ANNE B. BARNHART,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　　　Defendants. | Case No.: C- 05-1421   PVT<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND REMANDING THE CASE**<br><br>**(Re: Docket Nos. 13 and 16)** |

**I.   INTRODUCTION**

In this Social Security case, Plaintiff, Peter J. Pinedo ("Plaintiff") brings an action pursuant to 42 U.S.C. § 405(g) appealing a final decision by the Commissioner of Social Security which denied his claims for disability insurance under Title II of the Social Security Act (42 U.S.C. § 400 et seq.) for the time period beginning on January 15, 1957, his eighteenth birthday.[1]  Plaintiff sought Childhood Disability Benefits under Sections 202(d) and 223 of the Social Security Act.  Plaintiff is seeking benefits based on the wages earned by his father, Joseph M. Pinedo.  Presently before the Court are cross-motions for summary judgment brought by Plaintiff  and Defendant Jo Anne Barnhart, Commissioner of the Social Security Administration

---

[1] Plaintiff claims he has been disabled since January 15, 1939, his birth date.

("Defendant").  For the reasons set forth below, the Court Grants Plaintiff's Motion for Summary Judgment, Denies Defendant's Cross- Motion for Summary Judgment and remands this case for a full and fair development of the record.

## II.     LEGAL STANDARDS

### A.     Standard for Reviewing the Commissioner's Decision

Pursuant to 42 U.S.C. § 405(g), this court has the authority to review the Commissioner's decision to deny benefits.  The Commissioner's decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).  Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

### B.     Standard for Determining Disability

The Social Security Act provides benefits to qualified individuals who are disabled.  42 U.S.C. § 423(a)(1).  Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months."  42 U.S.C. § 423(d)(1)(A).  An impairment for purposes of this definition "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  The claimant carries the burden of proving disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).

The Commissioner follows a five-step sequential evaluation process in determining whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as amended* April 9, 1996.  First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity." *Id.*  If so, the claimant is not disabled, and the claim is denied.  *Id.*  If the claimant is not engaged in such activity, the Commissioner proceeds to step two and determines whether the claimant has a medically severe impairment or

combination of impairments; if not, the claim is denied. *Id.* If the claimant has a severe impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment meets or equals an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability benefits are automatically awarded. *Id.* If the impairment is not one presumed to be disabling, the fourth step requires the Commissioner to determine whether the claimant has sufficient Residual Functional Capacity ("RFC") to perform his past relevant work; if so, the claim is denied. *Id.* The plaintiff has the burden of proving that he or she is unable to perform past relevant work. *Drouin*, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. *Id.* In step five, the burden shifts to the Commissioner to prove that the claimant, based upon his age, education, work experience, and RFC, can perform other substantial gainful work. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 141-42 (1987).

### C. Eligibility Requirements for Child Disability Benefits

An individual is entitled to child benefits on the earnings record of an insured person who has died if (1) the individual is the insured person's child; (2) the individual is dependent on the insured; (3) the individual has applied for these benefits; (4) the individual is unmarried; and (5) the individual is 18 years or older and has a disability that began before he became 22 years of age. 42 U.S.C. § 402(d); 20 C.F.R. § 404.350. Plaintiff bears the burden of proving that he has been disabled continuously and without interruption beginning before his twenty-second birthday until the time he applied for child's disability insurance benefits. *Smolen v. Chater*, 80 F.3d 1273, 1279-80 (9th Cir. 1996). Additionally, Childhood Disability Benefits are not available to any claimant who engages in "Substantial Gainful Activity" ("SGA"). For all years prior to 1976, the SGA level was $200 per month. 20 C.F.R. § 404.1574(b)(2)(i).

### D. ALJ's Duty to Develop the Record

An ALJ has a duty to fully develop the record even where, as here, a claimant is represented by counsel. *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (finding lack of hearing violated duty); *Widmark v. Barnhart*, 454 F.3d 1063, 1068 (9th Cir. 2006) ("the ALJ should not be 'a mere umpire' during disability proceedings), *citing Higbee v. Sullivan*, 975 F.2d

558, 561 (9th Cir.1992); *Nevis v. Apfel*, 2000 WL 342665, 67 Soc.Sec.Rep.Serv. 558 (N. D. Cal. Mar 24, 2000) (ALJ should have requested additional evidence from Plaintiff).

### III.   DISCUSSION

#### A.   The Hearing

On January 15, 2004, Administrative Law Judge ("ALJ") T. Patrick Hannon conducted a hearing on Plaintiff's claim for Disability Benefits. (Tr. 85.)  The transcript reflects that no testimony was taken. (Tr. 86.)   Plaintiff appeared, represented by counsel, and his sister, Frances Spiller,  was available as a witness. (Tr. 87.)  At the start of the hearing, counsel informed the ALJ that she intended to call Ms. Spiller as a witness and the ALJ asked Ms. Spiller to wait outside so that her testimony could be independent.  (Tr. 88.)   The ALJ stated: "The Claimant is disabled, has been disabled for a long time and basically what he's claiming is not under his earnings, as I understand it.  He's claiming under his father's as a wage earner." (Tr. 90.)  Plaintiff then gave his entire testimony, which was "That's--" (*Id.*)  The ALJ then stated: "Okay.  There's one little itty-bitty problem.  That is, he has earned income after age 22 and that's a showstopper unless you can show me some authority that it's not or that he didn't earn money."  (*Id.*).  The ALJ then explained that once a claimant engages in Substantial Gainful Activity ("SGA") he is not entitled to benefits based on a parent's earnings.  The ALJ properly allowed Plaintiff's attorneys to file a brief on the issue of whether Plaintiff's work disqualified him from benefits.  The ALJ again stated "There's no question in my mind that he's disabled.  You don't have to prove that." (Tr. 91.)

Plaintiff's attorney argued that if Plaintiff had been enrolled for benefits as a child, then his work could possibly have been considered as exempt from SGA as  trial work periods.  The ALJ rejected this argument because a trial work period only applies after a person is receiving benefits and it was undisputed that Plaintiff had not been receiving benefits prior to the time of his wage earning. (Tr. 91.)   The ALJ again offered Plaintiff's counsel the opportunity to file a brief on this issue, but counsel stated "I know from a legal standpoint, I can't disagree with what you are saying." (Tr. 92.)   The ALJ stated: "We can disagree about the policy but I can't change the policy" and asked "Anything else?" (Tr. 93.)  The ALJ and Plaintiff's counsel

discussed whether Plaintiff could qualify for SSI, but the ALJ explained that he had no discretion to avoid the rule that a claimant with assets above the limit cannot receive SSI. (Tr. 94.) The ALJ again asked "Anything else?" and Plaintiff's counsel replied "Well, I guess not." and the hearing was concluded. (Tr. 95.)

### B.  The ALJ's Findings

Plaintiff is claiming a mental disability, starting at birth on January 15, 1939. For purposes of this appeal, Plaintiff is seeking benefits from the date he turned eighteen, the age an adult child claim benefits under Title II of the Social Security Act. 42 U.S.C. § 402(d); 20 C.F.R. § 404.350. The ALJ found that Plaintiff met all of the nondisability requirements for Childhood Disability Benefits. The ALJ also found that benefits had properly been denied based on Plaintiff's earnings record. Plaintiff's earnings record shows in 1968 and 1969 that he earned more, on average, than the $200 per month, the SGA level for all years prior to 1976. 20 C.F.R. § 404.1574(b)(2)(i). The Social Security Administration was unable to contact any employers because Plaintiff was unable to remember any names or phone numbers. The ALJ found that the employment could not be exempted from SGA as a trial work period because a trial work period does not apply to any month prior to the filing of an application for disability benefits. 20 C.F.R. § 404.1592(2)(2)(iv). Plaintiff filed his application for benefits on November 25, 2002. Therefore work in 1968 and 1969 cannot be considered trial work periods.

The ALJ also found that Plaintiff's employment could not be considered exempt from SGA as an unsuccessful work attempt ("UWA") because an UWA may not exceed six months and Plaintiff worked for two years. 20 C.F.R. § 404.1574(c). Moreover, the ALJ found that a claimant for childhood disability benefits must prove a childhood disability that arose prior to age 22 and that disabled him continuously until the date of the application of benefits. Any period of SGA, even one month, will defeat an application for benefits because the disability will not be continuous. *Anderson v. Heckler*, 776 F.2d 455 (8th Cir. 1984) (child disability benefits denied based on SGA). Thus, the ALJ found that Plaintiff had failed to establish that the was continuously disabled from age 22 through the date of the application. Additionally, the ALJ found that the Plaintiff was not disabled at any time. (Tr. 15.) The ALJ does not specify the

1 basis for this finding.

## C.     The ALJ Failed to Develop Evidence of a Subsidy

For years prior to 1976, the if a claimant's earnings averaged more than $200 per month, the claimant is considered to have engaged in SGA.  20 C.F.R. § 404.1574(b)(2)(i).  Thus, yearly earnings in excess of $2,400 triggers a presumption of SGA.   The transcript shows earnings in excess of $2,400 in 1968 and 1969.[2]  Plaintiff argues that the ALJ failed to adequately develop the record as to the existence of a subsidy, which would have negated the presumption of SGA . The regulations provide:

> We will first determine whether the person received a subsidy; that is, we will determine whether the person was being paid more than the reasonable value of the actual services performed. We will then subtract the value of the subsidy from the person's gross earnings to determine the earnings we will use to determine if he or she has done substantial gainful activity.

20 C.F.R. § 404.1574(a)(2).  Plaintiff asserts that if the ALJ had developed the record, evidence would have shown that Plaintiff's employment was not SGA because it was subsidized. Specifically, Plaintiff claims that if his sister had been called as a witness, her testimony would have revealed that Plaintiff's employment did not qualify as SGA because the Plaintiff was paid more than the reasonable value of the work performed.  In a letter submitted by Ms. Spiller to the appeals council she states that Plaintiff was "sent home on many occasions . . . . . with pay." (TR. 80).

Defendant argues that, because the record was adequate, the duty to develop was not triggered.  *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).  *Mayes* holds that the "duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."  In this case, the Work Activity Report clearly raises the issue of a subsidy.  (Tr. 59-66.)  The interviewer concluded "Subsidy is alleged by [sic] we have no way to contact employers for 1968 & 1969 to verify subsidy, claimant has no record of his 1968 and 1969 employment."  (Tr. 66.)  Thus, the issue of

---

[2] Defendant argues that Plaintiff had earnings in excess of $1,000 for 1967-1969, 1973 and 1977.  (Tr. 78.)  However, the transcript shows earnings in excess of $1,000 for only 1968, 1969 and 1973, and the threshold was earnings in excess of $2,400.

a subsidy was before the ALJ.

Defendant also argues that Plaintiff could not produce the names of his employers, and therefore could not rebut the presumption of SGA. However, this argument only shows that the ALJ failed to fully develop the record because Ms. Spiller was able to provide the employer's name in her letter to the appeals council. (Tr. 79.) Accordingly, the record does not contain sufficient information to evaluate Plaintiff's claim of a subsidy and the ALJ failed to fully develop the record.

### D. The ALJ Failed to Develop Evidence of Disability

Defendant argues that Plaintiff failed to demonstrate that he had a disability that existed before he turned twenty-two. Plaintiff bears the burden of proving that he has been disabled continuously and without interruption beginning before his twenty-second birthday until the time he applied for child's disability insurance benefits. *Smolen v. Chater*, 80 F.3d 1273, 1279-80 (9th Cir. 1996). Because Plaintiff did not submit evidence of continuous treatment or continuous disability, starting prior to age twenty-two, Defendant argues that Plaintiff did not meet his burden of proving disability.

Plaintiff argues that the government is estopped from challenging his disability because the ALJ stated that "("There's no question in my mind that he's disabled. You don't have to prove that.") (Tr. 91.) However, the ALJ did not conclusively establish that Plaintiff had been continuously disabled since prior to this twenty-second birthday. Thus, Plaintiff still bears the burden of establishing that his disability began prior to his twenty-second birthday and was continuous up to the date of his application.

The record contains ample indication that records might exist to prove the continuous nature of the disability. Plaintiff wrote on the "Disability Report Adult" that he had seen "psychiatrist" first on "7/ - /74" in Redwood City. Under "Reasons for Visits" Plaintiff wrote "Psychotic". Under "What Treatment was Received" Plaintiff wrote "Records may be available at Sequoia Hospital". (Tr. 48.) Plaintiff also wrote in the name and contact information for his doctor, Dr. Yoerg. (Tr. 49.). Similarly, Plaintiff filled out a "Claimant's Statement when Request for Hearing is Filed and the Issue is Disability" in which he lists Dr. Yoerg as his

1  physician and provides contact information for Dr. Yoerg.  Plaintiff wrote in the box for "Reason
2  for visit" "Confused, agitated, self-care is poor, socially isolated." (Tr. 43.)  Plaintiff stated that
3  Dr. Yoerg provided him with the drugs Risperdal and Zyprexa.[3]  Accordingly, the ALJ could
4  have continued the hearing in order to allow Plaintiff time to produce evidence from Dr. Yoerg
5  and to find out if any records were available from Sequoia Hospital,

6        Moreover, if the ALJ had taken testimony from Ms. Spiller, he would have learned, as
7  she stated in her letter to the appeals council:  "Dr. Yoerg has been prepared to testify on Peter's
8  behalf and document that his mental impairment has existed since birth." (Tr. 80.)  Defendant
9  argues that the ALJ did fully and fairly develop the record because it was Plaintiff's attorneys
10 who decided not to put forth testimony at the hearing.  Defendant asserts: "Yet, at the end of the
11 hearing, when the ALJ offered Plaintiff's attorneys the opportunity to present additional
12 evidence [AR 94], they declined to call Ms. Spiller to testify [AR 95]."  In fact, the ALJ merely
13 said "Anything else" and one of Plaintiff's attorneys said "Well, I guess not." (Tr. 94-95).  Given
14 that the ALJ had established that Plaintiff was not entitled to benefits, "Anything else?" would
15 not reasonably have been interpreted as an invitation to put forth testimony.

16       Moreover, the ALJ had a duty to be more than a passive observer and should have sought
17 out the testimony of the witness he had previously excluded from the hearing to preserve the
18 independence of her testimony.  Defendant also argues that Ms. Spiller could not provide
19 evidence to verify that the employment did not qualify as SGA.  However, because Ms. Spiller
20 did not testify, there is no way to know whether she was capable of providing or leading to
21 sufficient information to establish a subsidy that would rebut the presumption of SGA.   Finally,
22 the ALJ did not take any testimony from the Plaintiff, despite a representation in the decision
23 that Plaintiff testified at the hearing.  (Dec. at p. 3, Tr 14.)

24       Because the record does not contain sufficient information to determine whether Plaintiff
25 has been continuously disabled since before his twenty-second birthday, the ALJ failed to
26 adequately develop the record as to the issue of Plaintiff's disability.

---

[3] Risperdal and Zyprexa are both drugs used to treat schizophrenia.

**IV. CONCLUSION**

For the Foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is granted, Defendant's cross motion for summary judgment is denied and the matter is remanded to allow the ALJ to fully and fairly develop the record in this matter.

IT IS SO ORDERED.

Dated: March 1, 2007

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge