UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETER J. PINEDO, | Case No.: 05-CV-01421-PSG |
| Plaintiff, | **ORDER GRANTING COUNSEL'S UNOPPOSED MOTION FOR AN AWARD OF ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 406(b)** |
| v. | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | **(Re: Docket No. 22)** |

In this social security appeal, attorney Thomas Beltran ("Beltran"), counsel for Plaintiff Peter J. Pinedo ("Pinedo"), moves for an award of attorneys' fees pursuant to 42 U.S.C. § 406(b) in the amount of $9,288.95. Neither Pinedo nor the Government oppose the award. Pursuant to Civ. L.R. 7-1(b), the motion was taken under submission without oral argument and the hearing vacated. Having reviewed the papers and considered the arguments of counsel, the court GRANTS Beltran's motion for an award of attorney's fees.

Beltran represented Pinedo during his appeal for childhood disability benefits. Pursuant to an oral agreement with Pinedo's sister, Frances Joan Spiller ("Spiller"), Beltran deposited $9,000.00 that he received from Spiller into an escrow account. Beltran and Spiller agreed that any

1

Case No.: 05-1421 PSG
ORDER

disbursement from the account required approval from some competent authority. Otherwise, the parties did not enter into any specific or written fee agreement.

Following remand by the district court, the administrative law judge awarded Pinedo $58,778.00 in retroactive benefits. On January 27, 2011, the administrative law judge granted Beltran's fee petition in the amount of $4,419.00 for representing Pinedo in proceedings before the Social Security Administration ("SSA"). The administrative law judge, however, declined to award attorney's fees related to Beltran's representation of Pinedo in district court because he lacked the authority to do so. SSA has withheld $14,694.95 or 25 percent of the past-due benefits awarded to Pinedo for attorney's fees. Beltran now moves for an award of attorney's fees totaling $9,288.95, an amount totaling less than 25 percent of past-due benefits.

In *Gisbrecht v. Barnhart,* the Supreme Court held that attorney's fees may be awarded under 42 U.S.C. §406(b).[1] The court acts as an independent check on contingent-fee agreements so that reasonable results are achieved.[2] The relevant portion of the code section states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.[3]

The court finds that the attorney's fees requested by Beltran are reasonable in light of the total past-due benefits awarded and the documentation provided in support of counsel's motion. First, while Beltran, Pinedo or Spiller did not enter into a specific or written fee agreement, Beltran seeks

---

[1] 535 U.S. 789, 796, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) ("Fee awards may be made under both [42 U.S.C. 406(b) and under the Equal Access to Justice Act], but the claimant's attorney must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits.").

[2] *Id.* at 807.

[3] 42 U.S.C. § 406(b)(1)(A).

2
Case No.: 05-1421 PSG
ORDER

attorney's fees that are less than 25 percent of the total past-due benefits awarded to Pinedo. This amount is below the ceiling set by § 406(b). Beltran notes that he worked 37.50 hours on the case and that his hourly rate is $250.[4] Second, the factors identified in *Gisbrecht* to warrant a reduction of requested fees are reflected in the requested fee amount. Attorney's fees awarded under 42 U.S.C. § 406(b)(1)(A) may be reduced from the amount authorized by a contingency fee agreement "based on the character of the representation and the results the representative achieved."[5] This includes a consideration of whether counsel's performance was substandard, whether there was excessive delay by counsel which resulted in an undue accumulation of past-due benefits, and whether the requested fees are excessively large in relation to the benefits achieved.[6] Here, there is no indication that Beltran's performance was substandard or that there was any undue delay so that past-due benefits could accumulate. Moreover, Beltran reduced his requested fees to less than 25 percent of the total of the past-due benefits. Having reviewed the papers and considered the $4,419.00 administrative fee awarded by the administrative law judge, the court finds that the requested $9,288.95 fee amount is both reasonable under *Gisbrecht* and below the 25 percent statutory cap.

**IT IS SO ORDERED.**

Dated:   3/2/2012

PAUL S. GREWAL
United States Magistrate Judge

---

[4] Under the lodestar method generally used in fee-shifting jurisprudence, Beltran would seek attorney's fees totaling $9,375. The amount sought is determined by multiplying the hours worked on a client's matter and the attorney's hourly rate.

[5] *Id* at 808.

[6] *See Crawford v. Astrue,* 586 F.3d 1142, 1151-52 (9th Cir. 2009).

3

Case No.: 05-1421 PSG
ORDER